## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:09-CR-131- |
| | § | SDJ-CAN |
| ADAM SAYED HAMID (1) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Adam Sayed Hamid's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 11, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Ernest Gonzalez.

Defendant was sentenced on March 12, 2010, before The Honorable Richard Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute or Distribution of Cocaine, a Class A felony. This offense carried a statutory maximum imprisonment term of not less than 10 years or more than life. The guideline imprisonment range, based on a total offense level of 38 and a criminal history category of II, was 262 to 327 months. Defendant was subsequently sentenced to 262 months imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug abuse testing and treatment, and a $100 special assessment. On June 17, 2015, an amended judgement was filed pursuant to Fed. R. Crim. P. 35(b) wherein the term of imprisonment was reduced to 174 months. On May 25, 2016, per a motion for sentence reduction pursuant to 18 U.S.C § 3582(c)(2), the term of imprisonment was reduced

to 140 months. On April 6, 2018, Defendant completed his period of imprisonment and began service of the supervision term. On September 24, 2020, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On August 12, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 40, Sealed]. The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not commit another federal, state, or local crime; (3) The defendant shall not unlawfully possess a controlled substance; (4) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) The defendant shall not leave the judicial district without the permission of the Court or probation officer; (6) The defendant shall refrain from any unlawful use of a controlled substance; and (7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician [Dkt. 40 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On September 17, 2020, Defendant was charged with Assault Causes Bodily Injury by the Frisco, TX, Police Department. According to the offense report, Defendant reportedly was driving at a high rate of speed in or near a school zone where a school bus was dropping off children at their homes. When parents began to yell at Defendant to slow down, he stopped his car, exited his vehicle in a rage and got into an argument with a contractor, Jonathan Flores, who was working at a customer's home, and who was attempting to intervene on behalf of the homeowner, who was reportedly being

threatened by Defendant. The verbal argument escalated into a physical altercation between Defendant and Mr. Flores, and witness statements and cell phone footage indicated Defendant was the aggressor in the altercation, and at some point, he reportedly made statements that he would kill Mr. Flores. As of this writing, this charge is still pending; (2) (3) (4) On July 22, 2021, Defendant was arrested by the Denton County Sheriff's Office and charged with the following offenses: Possession of a Controlled Substance in Penalty Group 1 >=1G<4G; Possession of a Controlled Substance in Penalty Group 2 >= 400G; and Possession of Marijuana >50LBS<=2,000LBS. According to the criminal complaint, a Deputy/K9 Handler with the Denton County Sheriff's Office began following a silver Honda traveling in his direction, after it appeared the driver reacted suspiciously to his presence by riding the brakes and driving under the posted speed limit. The Deputy continued to follow the vehicle which later pulled into a QuikTrip parking lot. The driver then parked the vehicle and went inside the store. The Deputy parked his marked patrol unit several parking spots from the vehicle and exited in an attempt to make consensual contact with the driver inside the store. Unable to locate the driver, the Deputy returned to his marked patrol unit where he waited 15 minutes before moving his vehicle to another area of the location. The Deputy continued to conduct surveillance from a distance when the driver was seen attempting to return to the vehicle and stopping just short after becoming aware he was being watched. As the Deputy continued to surveil the suspicious activity, a person, later identified as Defendant, arrived at the location and parked the car he was driving at a gas pump across from where the Deputy was parked. Defendant then exited his vehicle and began video recording the QuikTrip parking lot and the Deputy, while yelling at the Deputy about child molesters and asking questions related to a prior arrest of an unrelated Deputy. Defendant then told the Deputy that he worked for the Central Intelligence Agency (CIA) and then suddenly stopped talking and walked

away. The Deputy then realized the original unidentified suspect was nowhere to be found and the silver Honda had been left abandoned in the parking lot. In following up with a QuikTrip employee regarding the driver of the silver Honda, the Deputy learned that the unidentified suspect told the store he lost his keys and would return later with a tow truck. According to the criminal complaint, the marked units with the Denton County Sheriff's Office left the area, while an unmarked unit stayed back to continue covert surveillance on the abandoned vehicle. While the marked units were gone, Defendant was seen running across the parking lot, entering the vehicle under investigation, and attempting to pull out of the parking lot. At that time, emergency lights were activated, and a traffic stop was conducted on the vehicle. According to the complaint, Deputy Starks with the Denton County Sheriff's office made contact with Defendant who admitted to having a large quantity of marijuana inside the vehicle. A subsequent search of the vehicle revealed 69 pounds of marijuana, 3.5 grams of cocaine, and 3.6 pounds of psilocybin mushrooms. As of time of the Petition, Defendant was being held in the Denton County Jail in lieu of a $5,000 surety bond for the charge of possessing cocaine, a $500,000 surety bond for the charge related to possessing psilocybin mushrooms, and a $1,000,000 surety bond (with conditions) for the charge related to possessing marijuana; (5) On or around June 21, 2020, Defendant traveled to Jacksonville, FL, without the permission of the probation officer. On June 21, 2020, after being notified he had missed his flight by a Southwest Airlines agent, Defendant became enraged and began cursing and making threats towards airport officials. As they were attempting to calm him down, Defendant continued to exhibit erratic behavior, and would not comply with the verbal commands of airport officers. The airport officers then had to deploy a taser to prevent Defendant from reaching an area where customers gathered. After being subdued, Defendant was transported to a local hospital for a mental health evaluation, and he was released on June 24, 2020. No

criminal charges were pursued as a result of this incident; and (6) (7) On March 1, 2019, Defendant submitted a urine specimen that tested positive for the use of amphetamine. Said result was confirmed by Alere Toxicology Services [Dkt. 40 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 5, 6, and 7 of the Petition. The Government dismissed allegations 1 through 4 of the Petition. Having considered the Petition and the plea of true to allegations 5, 6 and 7, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 52, 53].

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twelve (12) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 21st day of March, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE